MR. JUSTICE SHEEHY
delivered the opinion of the Court.
The survivors and personal representative of Casey Mets appeal from the order and judgment of the Flathead County District Court granting summary judgment in favor of Granrud; and Granrud appeals from the subsequent entry of summary judgment in favor of the survivors on his counterclaim.
On December 19, 1976, a Ford jalopy departed from its proper lane of traffic on Whitefish Stage Road, where it had been pro *267 ceeding in a southerly direction. The vehicle passed over the edge of the road, through a barrowpit and collided with a telephone pole. The accident occurred on the second of two curves located south of the intersection of Granrud Lane and Whitefish Stage Road near Kalispell, Montana. The day had been sunny and clear, and the pavement was dry. There were no skid marks nor any evidence that the driver had applied the brakes.
Little physical evidence existed at the scene of the accident, and the vehicle was practically disintegrated as a result of the impact with the telephone pole. Both Mets and Granrud were thrown from the vehicle, and Mets died without regaining consciousness. Granrud suffered extensive injuries, and has no memory now of any of the events surrounding the accident. Additionally, there were no eyewitnesses to the accident.
On August 10, 1977, the survivors and personal representative of Mets brought suit alleging that Granrud’s negligent driving caused the death of their decedent. On October 18, 1977, Granrud filed his answer and counterclaim alleging that Mets had been driving the vehicle when the collision occurred. On May 31, 1978, the District Court granted Granrud’s motion for summary judgment, and accordingly judgment was entered on June 5, 1978. On June 2, 1978, the survivors moved for summary judgment on Granrud’s counterclaim. The survivors’ motion was granted, and judgment was entered on June 5, 1978.
On June 8, 1978, the survivors filed a motion to stay judgment, reconsider and vacate summary judgment. The District Court set the judgments aside and granted the survivors additional time in order to test the pitman arm, a steering rod.
On January 25, 1979, the District Court granted Granrud’s motion for summary judgment on the ground that there was “no evidence, circumstantial or direct, establishing any negligence on the part of the defendant on any theory”; and judgment was entered on January 30, 1979. On February 16, 1979, the survivors moved for summary judgment on Granrud’s counterclaim; and *268 judgment for the survivors was entered on February 16, 1979. The survivors appealed and Granrud cross-appealed.
The dispositive issue on appeal is whether the doctrine of res ipsa loquitur is applicable under the facts of the instant case.
The doctrine of res ipsa loquitur simply stated is: that when an instrumentality which causes injury, without any fault of the injured person, is under the exclusive control of the defendant at the time of the injury, and the injury is such as in the ordinary course of things does not occur if the one in control uses proper care, then the law infers negligence on the part of the one in control as the cause of the injury. Knowlton v. Sandaker (1968), 150 Mont. 438, 446, 436 P.2d 98, 103; Whitney v. Northwest Greyhound Lines (1952), 125 Mont. 528, 533, 242 P.2d 257, 259. The elements necessary for the application of res ipsa loquitur are: (1) the instrumentality which caused the injury must be within the exclusive control of the defendant; (2) the injury must be one that does not ordinarily occur if the party in control uses proper care; (3) the injury must not be due to any fault on the part of the injured person. Montana Deaconess Hospital v. Gratton (1976), 169 Mont. 185, 190, 545 P.2d 670, 673; Jackson v. William Dingwall Company (1965), 145 Mont. 127, 135-136, 399 P.2d 236, 241; Krohmer v. Dahl (1965), 145 Mont. 491, 498, 402 P.2d 979, 983; Stocking v. Johnson Flying Service (1963), 143 Mont. 61, 68, 387 P.2d 312, 316, Prosser, Law of Torts § 39, at 214 (4th ed. 1971).
Because of the absence of evidence tending to establish that the death of Casey Mets was caused by the negligence of Granrud, and the manner in which Granrud drove the vehicle, the survivors rely upon the doctrine of res ipsa loquitur to establish negligence on the part of Granrud. The doctrine of res ipsa loquitur is not an exception to the rule that the burden is on the plaintiff to prove actionable negligence, nor does it permit a recovery on mere proof of the injury. It merely has the force of a disputable presumption of law and supplies the place of proof necessarily wanting when the injured party cannot disclose the cause of his injury, but it is apparent prima Jade that the accident would not ordinarily have *269 happened had the defendant exercised ordinary care. Stocking v. Johnson Flying Service, supra, 143 Mont. at 68, 387 P.2d 312.
The first element of res ipsa loquitur, that of “defendant’s exclusive control at the time of injury”, is disputed by the parties in the instant case. Granrud contends that Mets was driving and the survivors contend that Granrud was driving the vehicle. The requirement of “exclusive control at the time of injury” does not mean actual physical control at the time of injury. It may be sufficient to show that the defendant exercised control some time prior to the injury. Knowlton v. Sandaker, supra, 150 Mont. at 446, 436 P.2d 98. Officer Denning, following an investigation of the accident scene, determined that Granrud was the driver and that Mets was the passenger. Officer Denning’s determination was based upon the location of Granrud and Mets in relation to the position of the vehicle. The record also indicates that Granrud was driving the vehicle when he picked up Mets. Granrud was observed driving the vehicle approximately thirty minutes before the accident occurred.
The second element of res ipsa loquitur, that “the injury must be one that does not ordinarily occur if the party in control uses proper care”, is lacking in the instant case. The plaintiff is not required to eliminate with certainty all causes or inferences other than the negligence on the part of the driver. As Professor Prosser has stated:
“All that is needed is evidence from which reasonable men can say that on the whole it is more likely that there was negligence associated with the cause of the event than that there was not.” Prosser, Law of Torts, § 39, at 218 (4th ed. 1971)
The above cannot reasonably be said in the instant case. Whether the cause of the accident was due to the negligence of the driver remains in doubt. The accident occurred at a point where the road curves, on a sunny and clear day, the pavement was dry, and there was no evidence that the brakes had been applied. Mets died as a result of the accident and Granrud has no memory whatsoever concerning the facts and events surrounding the accident. Further, there were no witnesses to the single vehicle accident.
*270 Officer Denning, the Montana Highway Patrolman who responded to and inspected the accident scene, was deposed and gave his opinion that the cause of the accident was that the vehicle’s pitman arm broke at a weld point as the vehicle entered the second curve. The record contains the affidavit of an expert, Ralph Godtland, president of Western Iron Works, Inc. Godtland stated, “it is infinitely more likely and probable that this pitman arm fractured under the force of the impact with the utility pole at the point of collision.” In this regard, the survivors contend that Officer Denning lacked the requisite training, education, experience and expertise to allow him to give his opinion concerning the pitman arm. The survivors filed a motion in limine to restrict Officer Denning’s testimony to matters within the scope of his education, experience, and competence; which was denied by the District Court. Highway patrolmen in Montana have been allowed to reconstruct and give their opinion as to the cause of an accident based upon their investigation. See State v. Deshner (1971), 158 Mont. 188, 489 P.2d 1290. The determination of the qualification of a skilled or expert witness is a matter largely within the discretion of the trial judge, and in the absence of a showing of abuse, ordinarily will not be disturbed. Graham v. Rolandson (1967), 150 Mont. 270, 285, 435 P.2d 263, 271. From our examination of the record in the instant case, we cannot conclude that the District Court abused its discretion in denying the survivor’s motion in limine.
In the instant case, it is possible that there was some lapse on the driver’s part and that the driver was negligent, and because of that, the vehicle went off the road and collided with the telephone pole. But it is also possible that the cause of the accident was not due to the driver’s fault; and that the cause of the accident was the failure of the brakes to operate, a failure in the steering mechanism, or some other reason not due to lack of care on the part of the driver. See Speiser, The Negligence Case: Res Ipsa Loquitur, Vol. 2, § 26.7 (1972). In such a situation, the balance of probabilities between, first, causes of an accident involving the vehicle which are due to lack of care on the part of the driver, and *271 second, causes of an accident not due to lack of reasonable care, are so nearly equal that a conclusion that the driver was negligent cannot reasonably be found and would be the result of mere speculation. This conclusion is further supported by the conflicting opinions of Denning and Godtland concerning the pitman arm and the cause of the accident.
Under the facts and circumstances of the instant case, the doctrine of res ipsa loquitur is not applicable because at least one of the three necessary elements to the applicability of the doctrine cannot be shown to exist, namely; the injury must be one that does not ordinarily occur if the party in control uses proper care.
The third element of res ipsa loquitur is that “the injury must not be due to any fault on the part of the injured person.” From our review of the record, we cannot determine whether there was any fault on the part of Mets. A conclusion that Mets was or was not at fault, wholly or partially, cannot reasonably be found and would also be the result of mere speculation.
Because of the combination of uncertainties involved in the instant case, we cannot say that the unexplained collision of the vehicle with the telephone pole would not ordinarily occur in the absence of negligence. As we have stated, this is one of the necessary elements for invoking the doctrine of res ipsa loquitur. Therefore, there is no inference of negligence in the instant case, and accordingly there was no genuine issue as to any material fact, and Granrud was entitled to judgment as a matter of law.
The District Court was correct in entering summary judgment in favor of Granrud; and in entering summary judgment in favor of the survivors on the counterclaim.
Affirmed.
MR. CHIEF JUSTICE HASWELL and JUSTICES DALY and HARRISON concur.