MR. JUSTICE MORRISON
delivered the opinion of the Court.
Plaintiffs appeal from judgment entered for defendant and the denial of a new trial motion. This is a negligence action for wrongful death, brought in the First Judicial District Court, Lewis and Clark County. We reverse and remand for a new trial.
The action arises out of an airplane crash in which all aboard were killed. On September 19, 1978, pilot Herschel Dean Moore, III, left Missoula bound for Bozeman at 3:30 P.M- *172 Moore had three passengers in a Piper Archer II rented from Executive Aviation in Missoula. Six miles west of Hall, Montana, near 4:00 o’clock P.M., the plane crashed into a hill at 5,500 feet. The accident site was approximately 15 miles southwest of Drummond, Montana.
Pilot Moore, a University of Montana student, had obtained his pilot’s license a month prior to the crash. He had 71 hours total flying time, including 28 hours solo time. He was not instrument rated, but was described as an excellent student pilot by his flight instructor.
Pilot Moore obtained a weather briefing at 1:30 P.M., but did not receive a briefing immediately prior to departure at 3:30 P.M. According to the meteorologist who testified, the weather improved slightly over Drummond between 1:30 P.M. and 3:45 P.M.; there was a ceiling of broken clouds which had lifted from 3,500 to 4,000 feet; the wind at 1:30 P.M. was 22 miles per hour; the visibility remained at 12 miles throughout; there was a precipitation area 15 to 20 miles southwest of Drummond. The weather in Bozeman had deteriorated to Instrument Flight Rules by 4:30 P.M.
Plaintiffs’ position was two-fold. First, plaintiffs relied upon the legal theory of res ipsa loquitur to establish liability. Secondly, plaintiffs alleged that the pilot, being inexperienced, had negligently flown into cloudy, squally, weather which caused him to become disoriented and to lose control of the aircraft. Plaintiffs’ expert witness testified that the aircraft went into a descending spiral, overstressing the wings and tail, and causing the aircraft to come apart.
Defendant countered with expert testimony which contradicted the “descending spiral” theory espoused by the plaintiffs’ expert. Defendant’s expert witness testified that, because debris was found along an almost straight line over 2,000 feet in length, the aircraft could not have been spiraling down. Defendant’s experts testified that the left wing flap of the aircraft came off before the crash and that this detached flap struck and broke the tail assembly which controlled vertical direction. Defendant’s proof attributed the cause of the accident to this equipment failure.
*173 The trial court submitted the case to the jury, omitting plaintiffs’ theory of res ipsa loquitur from the jury instructions. Defendant contended at the trial court level, and here contends, that res ipsa loquitur is inapplicable because defendant’s experts testified to a cause of the crash which negated any presumption of negligence. The trial court agreed.
The jury returned a verdict for defendant on the negligence issues. Judgment was entered accordingly and plaintiffs appeal.
Plaintiffs raise the following errors:
(1) The jury verdict for defendant was contrary to the weight of the evidence and the law.
(2) The District Court erred in allowing defense experts to testify regarding defective equipment since such defense was not raised in the pleadings.
(3) The District Court erred by allowing the defense to inject the issue of strict liability into a negligence case.
(4) The District Court erred in not submitting res ipsa loquitur to the jury.
We affirm the District Court’s rulings on issues 1, 2, and 3, but reverse on issue.
4. SUFFICIENCY OF THE EVIDENCE
Plaintiffs contend that the jury’s verdict is contrary to the evidence and to the law. Defendant produced expert testimony which negated plaintiffs’ theory of how the accident occurred. Plaintiffs’ expert witness testified that the aircraft came apart because it went into a descending spiral. Plaintiffs’ proof sought to establish that the descending spiral resulted from an inexperienced pilot becoming disoriented in unfavorable weather conditions. Defendant’s proof was designed to show such a theory to be ill-founded since debris was scattered in a straight line over a distance of some 2,000 feet. There was clearly a conflict in theories and proof which required submission of the issue to a jury. Gunnels v. Hoyt and Balsam (1981), 38 St.Rep. 1492, 633 P.2d 1187. There is sufficient support in the record to uphold a jury verdict in favor of either the plaintiffs or the defendant. Therefore, we reject plaintiffs’ first contention.
*174 Plaintiffs contend in issue 2 that the District Court erred in allowing proof of a defense not raised in the pleadings. Issue 3 concerns alleged District Court error in allowing injection of strict liability theories. These issues are intertwined and we treat them together.
Defendant’s answer denied that pilot negligence was the cause of this crash. Pursuant to this allegation, defendant was entitled to offer proof establishing another cause for the accident. The expert testimony offered by defendant, which sought to establish equipment failure as the cause of the accident, negated plaintiffs’ allegation that the decedent pilot became disoriented and put the aircraft into a descending spiral.
Rule 8(c), M.R.Civ.P., does not require the negligence or conduct of third parties to be pleaded as an affirmative defense. See also Graham v. Rolandson (1967), 150 Mont. 270, 435 P.2d 263, where this Court held unavoidable accident did have to be pleaded affirmatively.
Strict liability theories were not involved. Defendant simply offered equipment failure as the cause of the accident. The District Court was clearly right in permitting such proof.
The District Court’s failure to give a res ipsa instruction in this case is the dispositive issue on appeal. Defendant relies upon two legal principles and primarily two cases in support of opposition to a res ipsa instruction. First, defendant contended at the trial court level and contends here, that the decedent pilot did not have the requisite degree of control required for application of the res ipsa doctrine. Defendant relies upon Campbell v. First National Bank (D.N.M.1973), 370 F.Supp. 1096. Defendant also alleges that where proof is offered explaining the cause of the accident in such a way that plaintiffs’ allegations are refuted, res ipsa loquitur is not available to the plaintiffs. Defendant relies upon Mets v. Granrud (1980), Mont., 37 St.Rep. 313, 314-315, 606 P.2d 1384, 1386.
In Campbell, the Federal District Court held that, where the pilot rented an aircraft from an agency the morning before it crashed, “the conclusion is inescapable that the requisite control over the airplane, in its mechanical as well as direc *175 tional aspects, has not been sufficiently demonstrated to permit the doctrine of res ipsa loquitur to apply.” (370 F.Supp. at 1099.) Plaintiffs here attempt to distinguish the Campbell decision on the basis that the evidence in this case showed recent and careful maintenance whereas no such evidence existed in Campbell. This case can be distinguished on an evidentiary basis but we find such a determination to not be dispositive here. We think the Campbell decision to be too narrow in its application of res ipsa and we are drawn to the broader interpretation found in Stoddard v. Ling-Temco-Vought, Inc. (C.D.Cal.1980), 513 F.Supp. 314.
Stoddard involved 14 consolidated wrongful death actions arising out of an aircraft crash which occurred when a U.S. Air Force C-135B aircraft crashed into the Pacific Ocean.' Defendant Ling-Temco-Vought, Inc. had made structural changes to the body of the aircraft and the crash resulted shortly thereafter. Plaintiff alleged faulty design, construction, inspection and testing of the aircraft by both the United States and Ling-Temco-Vought contractors during and after the modification. Each of the two defendants argued that res ipsa loquitur had no application because both of the two defendants could not have “exclusive control.”
Judge Paul Hatfield rejected this narrow construction, holding that res ipsa loquitur had application to multiple defendants. Judge Hatfield said:
“LTV, et al., and the United States are the only parties arguably responsible for the accident since other defendant parties to this lawsuit have apparently been exonerated. Neither the United States nor LTV can escape the application of res ipsa loquitur under a narrow interpretation of the ‘exclusive control’ requirement. The facts as presently alleged suggest that defendants LTV, et al., and the United States are both subject to the doctrine. Nevertheless, if there is sufficient doubt as to control, that question can become one for the jury or trier of fact. Northwest Airlines, Inc. v. Rowe, 226 F.2d 365 (8th Cir. 1955) cited with approval Barnes v. Northwest Airlines, Inc., 233 Minn. 410, 47 N.W.2d 180 (1951).”
*176 In Little v. Grizzly Manufacturing (1981), 38 St.Rep. 1994, 636 P.2d 839, this Court quoted the res ipsa loquitur doctrine from Whitney v. Northwest Greyhound Lines (1952), 125 Mont. 528, 533, 242 P.2d 257, wherein it is stated that:
“When an instrumentality which causes injury, without any fault of the injured person, is under the exclusive control of the defendant at the time of injury, and the injury is such as in the ordinary course of things does not occur if the one having such control uses proper care, then the law infers negligence on the part of the one in control as the cause of injury.”
The statement quoted is an accurate statement of the law. However, the court did not state that exclusive and sole control was a necessary element of a res ipsa case. In fact it is not. The doctrine of res ipsa loquitur is stated in Restatement of Torts Second, Section 328D, as follows:
“(1) It may be inferred that harm suffered by the plaintiffs is caused by negligence of the defendant when:
“(a) the event is of a kind which ordinarily does not occur in the absence of negligence;
“(b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and
“(c) the indicated negligence is within the scope of the defendant’s duty to the plaintiff.
“(2) It is the function of the court to determine whether the inference may reasonably be drawn by the jury, or whether it must necessarily be drawn.
“(3) It is the fimction of the jury to determine whether the inference is to be drawn in any case where different conclusions may reasonably be reached.”
There are cases where the facts compel the inference of res ipsa loquitur. See Newing v. Cheatham (1975), 15 Cal.3d 351, 124 Cal.Rptr. 193, 540 P.2d 33. In other cases, the inference is permissive but not mandatory. See Little v. Grizzly Manufacturing, supra. The question here is whether res ipsa should be submitted to the jury at all.
*177 Comment g to section 328D, Restatement of Torts Second, is instructive. The following language is taken from Comment S-
“It is not, however, necessary to the inference that the defendant have such exclusive control; and exclusive control is merely one way of proving his responsibility. He may be responsible, and the inference may be drawn against him, where he shares the control with another, as in the case of the fall of a party wall which each of two landowners is under a duty to inspect and maintain ... Exclusive control is merely one fact which establishes the responsibility of the defendant; and if it can be established otherwise, exclusive control is not essential to a res ipsa loquitur case. The essential question becomes one of whether the probable cause is one which the defendant was under a duty to the plaintiff to anticipate or guard against.”
The proof of exclusive control assists the plaintiff in establishing probable cause in a res ipsa loquitur case. However, concurrent causes may exist and yet not foreclose reliance upon res ipsa loquitur.
In this case, proof of equipment failure does not deny the application of res ipsa loquitur for a pilot error may have combined with equipment failure to produce the result. Plaintiffs’ proof here was reinforced by testimony that a recent check of equipment had found it to be sound, but such proof is not essential.
The pilot, Moore, was in exclusive control of the aircraft at the time the crash occurred. No other occupants were pilots. The fact that a third party was responsible for maintaining the aircraft does not foreclose the application of res ipsa loquitur. To engage such rationale would render res ipsa inapplicable on the basis that an aircraft was manufactured by someone other than the pilot and therefore exclusive control was lacking.
If in fact, the accident speaks of negligence, and if the undisputed evidence does not show the accident resulted from the conduct of another, then the doctrine of res ipsa loquitur may attach.
*178 Defendant very properly relies upon our decision in Mets v. Granrud, supra. In that case, an automobile left the highway and hit a pole, killing the passenger and injuring the driver so severely that he could not remember the accident. The decedent’s wrongful death case depended upon the application of res ipsa loquitur. This Court affirmed a summary judgment for defendant and said:
“In the instant case, it is possible that there was some lapse on the driver’s part and that the driver was negligent, and because of that, the vehicle went off the road and collided with the telephone pole. But it is also possible that the cause of the accident was not due to the driver’s fault; and that the cause of the accident was the failure of the brakes to operate, a failure in the steering mechanism, or some other reason not due to lack of care on the part of the driver. See Speiser, The Negligence Case: Res Ipsa Loquitur, Vol. 2, Section 26.7 (1972). In such a situation, the balance of probabilities between, first causes of an accident involving the vehicle which are due to lack of care on the part of the driver, and second, causes of an accident not due to lack of reasonable care, are so nearly equal that a conclusion that the driver was negligent cannot reasonably be found and would be the result of mere speculation. This conclusion is further supported by the conflicting opinions of Denning and Godtland concerning the pit-man arm and the cause of the accident.”
In the Mets case, the plaintiff argued that a car does not generally leave the road unless the driver is negligent. In other words, if the driver had control of his vehicle, it would not leave the road absent special circumstances not shown by the evidence in the Mets case. This Court held that res ipsa had no application because a number of things could have occurred to cause the vehicle to leave the traveled portion of the roadway and hit the pole.
The plaintiffs, in the case at bar, argue that the aircraft would not have struck the hill but for negligence; the accident itself speaks of negligence. The same argument advanced by the defendant in Mets is advanced in this case; i.e., causes other than pilot error are equally as likely to have produced *179 the accident, and therefore res ipsa does not have application. There seems to be a strong parallel between the two cases.
In the Mets case, defense produced an expert witness to testify that the pitman arm in the steering assembly broke and, that in his opinion, the broken pitman arm caused the vehicle to leave the roadway. Such a cause would exonerate the defendant driver. However, plaintiff countered with expert testimony showing that the pitman arm broke on impact.
In the case at bar, expert testimony was offered by the plaintiffs for the purpose of reinforcing the allegation of pilot error as primary cause. The defense offered expert testimony refuting plaintiffs’ expert evidence and sought to explain the accident by showing equipment failing. Defendant argues forcefully that if res ipsa loquitur was not applicable to the fact situation in Mets, then it could not be applicable to the fact situation we have here. In Mets a car, without explanation, left the road and hit a pole. In this case, an aircraft flew into the side of a hill without explanation from occupants of the craft itself. In both cases, explanations for the accident come from experts reconstructing the accident. In each case, there is a dispute between experts.
Justice Daniel Shea dissented in Mets. He said:
“It is reasonable to assume that under normal circumstances automobiles simply do not veer off the road into a borrow pit unless the driver has been negligent. The majority conclusion that it is possible that the accident was not due to the driver’s fault, that is, that the cause of the accident may have been due to brake failure, or some other reason, is itself mere speculation. The plaintiffs here were not required to eliminate all possiblities of how the accident may have happened. Plaintiffs were required only to establish a factual basis to infer negligence on the part of the driver. The inference is clear in this case; whether the jury would have accepted this inference is yet another matter.” 37 St.Rep. at 319, 606 P.2d 1384.
We agree with this statement from Justice Shea’s dissent. The statement is relevant here. An aircraft flying into the side of a hill speaks of negligence. This case is a proper one for the *180 application of res ipsa loquitur. To the extent that Mets is inconsistent with this opinion, it is hereby overruled.
Defendant relies upon Knowlton v. Sandaker (1968), 150 Mont. 438,436 P.2d 98. In that case, the evidence established that a welder was killed when a petroleum tank exploded. The evidence established that the explosion was just as likely to have occurred because of the negligence of the decedent as because of any fault on the part of the defendant. In addressing equally plausible causes the court said at page 447, 436 P.2d 98:
“To have allowed the case to go to the jury on the basis of the doctrine of res ipsa would have allowed the jury to conjecture between two equally plausible explanations of the cause of the accident. In such a case the appellant has failed to establish that there was a greater likelihood that respondents’ negligence was the proximate cause of the accident and has thus failed to satisfy a crucial requirement for the application of the doctrine of res ipsa loquitur. See Jackson v. William Dingwall Co., 145 Mont. 127, 399 P.2d 236.”
The facts in Knowlton do not support res ipsa loquitur. The evidence showed that the tank in which decedent was welding had not been ventilated. There was testimony that the decedent was told not to weld in the tank if he had any doubts about the tank’s explosive potential. The plaintiffs case was premised upon defendant’s failure to exercise due care in supplying a dangerous chattel or, in the alternative, on the basis of res ipsa loquitur. The court held that, “[t]he evidence as presented by the appellant clearly showed that the respondents Fruehauf and Sandaker did not have such exclusive control as would make it likely that their negligence, if any, was the cause of the injury complained of.”
The court in Knowlton found that the conduct of decedent was just as likely a cause as any conduct on the part of the defendants. The court said: “To have allowed the case to go to the jury on the basis of the doctrine of res ipsa would have allowed the jury to conjecture between two equally plausible explanations of the cause of the accident.” Under the facts of Knowlton, such a result is compelling.
*181 The decision in Knowlton is not controlling here. First, the passengers in this aircraft did not contribute to the cause of the accident. Secondly, there are not two equally plausible explanations for the accident. Without any evidence, other than the happening of the accident itself, res ipsa applies where an airplane crashes into the side of a hill. When each party to the litigation offers expert testimony, attempting to explain the accident, equally plausible alternatives are not thereby presented. The jury can choose to adopt the testimony offered by one side to the exclusion of the other. The jury is free to disregard all of the expert testimony. Where each side produces testimony seeking to explain an otherwise unexplainable accident, res ipsa loquitur may, if the necessary elements are present, have application.
For the foregoing reasons the trial court erred in refusing to give a res ipsa loquitur instruction in this case. Therefore, we remand for a new trial with directions to proceed in accordance with the views herein expressed.
MR. CHIEF JUSTICE HASWELL and JUSTICES DALY, HARRISON and SHEA concur.