MR. CHIEF JUSTICE TURNAGE
delivered the Opinion of the Court.
Plaintiff appeals a judgment entered on a jury verdict for defendants in the Thirteenth Judicial District, Yellowstone County. The jury answered on a special verdict form that defendant manufacturer and its supervisory employee were not negligent and therefore not a proximate cause of plaintiff’s injuries resulting from a fall while engaged in erection of an oil derrick “A-frame” designed and manufactured by defendant.
Plaintiff unsuccessfully moved for a new trial and filed this appeal on the grounds of insufficient evidence to support the jury verdict and error in refusing to give plaintiff’s proposed instruction.
We affirm the judgment, holding that there was substantial evidence to support the jury .verdict. We also hold that plaintiff was not prejudiced by the court instruction involving aspects of strict *373 liability where the case was submitted to the jury on the issue of negligence alone.
Appellant raises the issues of sufficiency of the evidence to support the jury verdict and possible error in jury instructions in bringing this appeal. While appellant also raises the issue of possible abuse of discretion on the part of the trial court in refusing to allow certain testimony of his vocational expert, we need not consider this issue, which goes to damages, when there is sufficient evidence to support the jury verdict finding defendants not negligent.
Martin Kleinsasser worked as a derrick hand for Molen Drilling Company which purchased a new mast from Superior Derrick Service, Inc., for fitting to Molen’s existing substructure. Bobby Bradley, Superior Derrick’s field representative from Houston, generally supervised the assembly.
On May 3, 1981, while Bradley was not present, Molen’s crew prepared to raise an “A-frame” designed and manufactured by Superior Derrick, a smaller structure used to provide a point of leverage to winch the mast from the horizontal to the vertical. Superior Derrick’s assembly plans called for four % ” by 3” bolts, but the assembly package contained 3A ” by 4” bolts. Molen’s crew chose to go to nearby Rig Supply store owned by their employer’s son (and once owned by Molen) and pick out the hardest 3” bolts available, instead of using the 4” bolts and washers to tighten the fit.
There is conflicting testimony about Bradley’s knowledge of the substitution, but the jury chose to believe that Bradley neither knew nor authorized the use of the substituted bolts and, in fact, did not see the bolts until after the accident. He claimed that Molen’s supervisor had said he was not needed and could get ready to return to Houston.
The softer, nonstructural bolts sheared or bent as the crew raised the A-frame. Kleinsasser, standing with the crew on the platform, fell fifteen feet to the ground as the A-frame fell. He broke his left wrist and left heel. When Chuck Doornek, Molen’s supervisor, called Bradley at the motel to report the accident, Bradley returned to the scene. He noted that the bolts were not “our bolts” and located the bolts provided by Superior Derrick. While the body of the bolt was too long, the bolt itself was the right width. With washers, the crew put the bolts in, tightened them up, and satisfactorily hoisted the A-frame. The high-strength bolts furnished with the assembly package held.
Plaintiff attempted to establish at trial that Superior Derrick had *374 provided the wrong bolts, that Superior Derrick had failed to provide a “spreader bar” (a device to spread the legs of the A-frame in raising the structure), and that Bobby Bradley had negligently supervised in allowing the crew to raise the structure with softer bolts and without his presence. Plaintiff had already settled with Rig Supply for its negligence in providing nonstructural bolts for the job.
Sufficiency of the evidence. We will not reverse a judgment based upon a jury verdict if there is substantial evidence in the record to support the jury verdict. Lackey v. Wilson (Mont. 1983), [205 Mont. 470,] 668 P.2d 1051, 1053, 40 St.Rep. 1439, 1441. We review in the light most favorable to the prevailing party, reversing only when there is a lack of substantial evidence to support the judgment based upon the jury verdict. Gunnels v. Hoyt (Mont. 1981), 633 P.2d 1187, 1191, 39 St.Rep. 1492, 1495; Farmers Union Grain Terminal v. Montana Power Company (Mont. 1985), [216 Mont. 289,] 700 P.2d 994, 996, 42 St.Rep. 815, 818.
The “substantial evidence” test variously expressed allows reversal only if there is a complete absence of probative facts to support the verdict (Griffel v. Faust (Mont. 1983), [205 Mont. 372,] 668 P.2d 247, 249, 40 St.Rep. 1370, 1372), or if the evidence is so overwhelming there is no room for an honest difference of opinion on the issue of causation (Farmers Union Grain Terminal, 700 P.2d at 997), or if there is a complete absence of any credible evidence in support of the verdict (Barmeyer v. Montana Power Company (Mont. 1983), [202 Mont. 185,] 657 P.2d 594, 597, 40 St.Rep. 23, 25). However, where there was admissible probative evidence on the absence of negligence or failure of proximate cause, the verdict for a defendant utility was not disturbed on a sufficiency basis. Barmeyer, 657 P.2d at 597.
We hold that the jury had sufficient evidence to determine that the defendant manufacturer and its supervisor were not negligent. It is not our function to agree or disagree with the jury verdict in reviewing, but rather to search for sufficient evidence on the record. Griffel, 668 P.2d at 249. Questions of fact are for the jury to resolve and should not be taken from the jury because some evidence furnishes reasonable grounds for different conclusions. Gunnels, 633 P.2d at 1192.
Plaintiff should not expect this Court to retry his case because the jury chose to believe the evidence presented by defendant over that of plaintiff. The jury can choose to adopt testimony offered by one *375 side to the exclusion of the other and is free to disregard testimony, including expert testimony. Tompkins v. Northwestern Union Trust Company of Helena, Montana (Mont. 1982), 198 Mont. 170, 645 P.2d 402, 408, 39 St.Rep. 845, 853. The jury had admissible probative evidence which was credible, supported the verdict, and led to their conclusion that defendants were not the cause of plaintiffs injuries.
Jury instructions. Appellant contends that the court erred in failing to give his offered instruction on strict liability which he drew verbatim from Restatement (Second) of Torts, Section 402A (1965). Instead, the court gave defendants’ offered instruction over plaintiffs objection. Appellant contends that the case presented at trial as to the manufacturer’s strict liability in tort for a design, manufacturing or material defect resulting from the absence of a spreader bar was not adequately covered by the instruction the court gave. The court’s failure to instruct the jury on strict liability and the elements of proof, appellant claims, constituted clear error. Plaintiff’s proposed instruction number 24 stated:
“You are instructed that one who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if:
“(a) the seller is engaged in the business of selling such a product, and
“(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.
“This rule applies although:
“(a) the seller has exercised all possible care in the preparation and sale of his product, and
“(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.”
The court accepted defendant’s proposed instruction number 14, and offered it as court’s instruction number 16:
“One of the claims asserted by plaintiff is that the design of the oil derrick was defective either because no ‘spreader bar’ was designed, or none was furnished with the derrick.
“You are instructed that defective means ‘unreasonably dangerous.’
“A product is in a condition unreasonably dangerous to the user or consumer when it is dangerous to an extent beyond that which would be contemplated by the ordinary user or consumer who *376 purchases it or uses it, with the ordinary knowledge common to the community as to the product’s characteristics. A product is not unreasonably dangerous merely because it is possible to be injured while using it.”
We have determined that it was not error to refuse a proposed instruction which merely paraphrased the Restatement (Second) of Torts when another accepted instruction reflected prior Montana law and where appellants were not prejudiced by the instruction. Goodnough v. State of Montana (Mont. 1982), 199 Mont. 9, 647 P.2d 364, 367-368, 39 St.Rep. 1170, 1173-1174. Repetitious jury instructions setting forth abstract principles of law should be avoided. Swenson v. Buffalo Building Company (Mont. 1981), 635 P.2d 978, 984, 38 St.Rep. 1588, 1595.
Plaintiff’s refused instruction, an abstract statement of the law, failed to give any more guidance than the court’s instruction to enable a jury to find a defendant strictly liable in tort for a defective product. Counsel for plaintiff then failed to offer a special verdict form which would have allowed the jury to find liability for a product defect. He agreed to the special verdict form in settling instructions once the court added “and/or Bobby Bradley” to “defendants.” Counsel made no objection to the special verdict form at trial or upon appeal.
The text of the special verdict form, because not objected to, defeats plaintiff’s claim of error in refusing his offered instruction on strict liability:
“WE, the jury, present our answers to questions submitted by the Court, with at least eight (8) of our number agreeing upon each and every answer set forth below:
QUESTION NO. 1: Were the defendants Superior Derrick and/or Bobby Bradley negligent? (yes or no)
“ANSWER NO. 1:_No_
“If you have answered Question No. 1 ‘yes,’ then answer Question No. 2. If you have answered Question No. 1 ‘no,’ you will not consider the matter further. Sign the verdict and notify the bailiff, who will return you to Court.”
The jury foreperson signed the form without answering the remaining questions, none of which asked about strict liability in tort but only about negligence and proximate cause.
Plaintiff contends that the instructions given on strict liability offer an incomplete and misleading statement of the law. Any error alleged is harmless when the plaintiff did not object to a special ver *377 diet form which required the jury to decide the case on negligence alone. Giving a jury instruction on strict liability in tort, no matter how complete, would not have cured counsel’s failure to offer a verdict form which would have allowed a jury to consider strict liability in tort.
In offering instruction number 24, counsel argued that in a products liability action counsel for plaintiff must show three things: “1) the Plaintiff was injured by the product; 2) the injury occurred because the product was defective and unreasonably dangerous; and 3) the defect existed when it left the hands of the particular Defendant.” The court noted that there was a failure of proof as to these three requirements to establish a products liability claim. Counsel for plaintiff did not disagree or challenge the record in this regard. In agreeing to the form of the verdict, counsel in requesting the amendment stated, “But my problem is that all the evidence has to do with what he [Bobby Bradley] did.” Upon appeal, appellant concludes in his argument “that undisputed facts before the jury were capable of only one inference and one conclusion, . . . [i.e.] that Superior and Bradley were negligent as a matter of law.” We noted in discussion on substantial evidence on the record that the jury could find substantial evidence to the contrary.
Neither instruction is easily comprehensible to the average jury member. Yet we see no prejudice to plaintiff’s case by instructions given to the jury where plaintiff argued on the issue of negligence alone. Any alleged error is harmless. Where jury instructions, taken as a whole, state law applicable to the case, there is no error in giving certain individual instructions. Rock Springs Corporation v. Pierre (Mont. 1980), 615 P.2d 206, 211, 37 St.Rep. 1378, 1383. Here, the jury had the opportunity to consider the aspects of plaintiff’s case from the instructions as a whole and chose, after considering all the facts, to find defendant manufacturer not negligent. There is substantial credible evidence to support that verdict.
Affirmed.
MR. JUSTICES GULBRANDSON and HUNT concur.