MR. JUSTICE MORRISON,
dissenting:
The majority opinion finds error in (1) granting rescission; (2) submitting an instruction on the implied covenant of good faith and fair dealing; (3) awarding damages for severe mental and emotional distress. The jury did not decide the rescission question. The court granted a rescission in the judgment but any relief granted for rescission has no effect upon the jury award for damages in the tort case. They are separate matters. I only dissent to the granting of a new jury trial on the damage question. It is not necessary to discuss the $5,000 award for mental distress as that could be simply stricken if the majority deems the evidence insufficient for submission on that issue. The question on mental and emotional distress is a close one and I would not be adverse to striking that $5,000 award from the verdict. I strongly oppose granting a new trial as there is clearly no basis for granting same.
The majority grants a new trial on the basis of the court having given instruction No. 24. That instruction stated:
“You are instructed that Hope and Paul Cushman owed William and Linda McGregor an implied-in-law duty of good faith and fair dealing that they would do nothing to deprive the plaintiff of the benefits of the commercial transaction between the parties. The duties or obligations arising from the purchase and sale agreement between the parties imposed an obligation of good faith in the negotiations, performance, and enforcement of those duties and obligations. Good faith is defined as honesty in fact in the conduct or transaction concerned. If you find that the defendants violated this obligation imposed by law, the plaintiffs are entitled to be compensated for all the detriment or injury proximately caused thereby whether that detriment or injury could be anticipated or not.”
*114 This instruction was given prior to our decision in Nicholson v. United Pacific Insurance Co. (Mont. 1985), [219 Mont. 32,] 710 P.2d 1342, 42 St.Rep. 1822. The instruction here given is, in my opinion, better than the one given in the Nicholson case. However, the instruction there given was tendered by the defense and therefore could not be objected to by the defendant on appeal.
In Nicholson, the Court did not wish to bless the instruction given but did, for the first time, articulate the following rule:
“The nature and extent of an implied covenant of good faith in fair dealing is measured in a particular contract by the justifiable expectations of the parties. Where one party acts arbitrarily, capriciously or unreasonably, that conduct exceeds the justifiable expectations of the second party. The second party then should be compensated for damages resulting from the others culpable conduct.”
710 P.2d at 1348, 42 St.Rep. 1829.
The instruction given by the court in the case at bar is more restrictive than the new rule articulated by the court in Nicholson. The two rules are similar in many respects. However, the conduct referred to in instruction No. 24 contemplates that the duties and obligations arising from the purchase and sale agreement be breached in a dishonest way by one of the contracting parties for a cause of action to arise under “implied-in-law duty of good faith and fair dealing.” The standard articulated in Nicholson is broader in that the reasonable expectation of the parties can be breached by arbitrary, capricious and unreasonable conduct. In other words, under the standard adopted by this Court in Nicholson, one can incur liability for breach of the covenant where on acts negligently. The instruction given by the District Court in this case would appear to require that the contracting parties act honestly and only if they fail in that regard, is there a remedy.
The majority’s insistence on reversing the verdict in this case based upon the giving on instruction No. 24 is appalling. Not only was the instruction narrower than the one approved in Nicholson, but the duty of good faith and fair dealing was not even submitted to the jury in the verdict form. The following excerpt is taken from the “special verdict”:
“ISSUE NO. 1
“(The burden of getting a ‘yes’ answer is on the plaintiffs.)
“Have the plaintiffs proven by a preponderance of the evidence that defendants engaged in actual or constructive fraud in the *115 course of the transactions and dealings between the parties that led to the consummation of a contract between them on June 7, 1977?
X YES NO
“If your answer to the preceding issue is ‘yes,’ then please answer the following issue No. 2; if your answer to the preceding issue is ‘no,’ then please proceed to answer issue No. 4.”
The jury was not asked about the implied covenant of good faith and fair dealing. They found fraud. They were properly instructed on both constructive fraud and actual fraud. The jury then, in issue No. 3, found the amount of actual damages to be $78,323, the amount of mental anguish to be $5,000, and awarded an offset of $9,000. Judgment was thereupon entered by the District Court in accordance with the jury verdict. It is clear that the jury made no findings with reference to the implied covenant of good faith and fair dealing and the giving of instruction No. 24 could in no way have created reversible error.
We recently decided the case of Martin J. Kleinsasser v. Superior Derrick Service, Inc., et al. (Mont. 1985), [218 Mont. 371,] 708 P.2d 568, 42 St.Rep. 1662. The case was determined by a five-judge panel consisting of Chief Justice Turnage, Justices Gulbrandson, Hunt, Morrison and Sheehy. Justice Sheehy dissented. In that case, the issue here involved was presented four square. Plaintiff contended that the instructions given on strict liability were incomplete and misleading. Indeed, court’s instruction No. 16 was most incomplete in its attempt to define strict liability. However, the jury, in a special verdict form, was only submitted the negligence theory. The jury found no negligence. Strict liability was not submitted to the jury although the court gave incomplete instructions on strict liability. In that case, the majority said:
“Plaintiff contends that the instructions given on strict liability offer an incomplete and misleading statement of the law. Any error alleged is harmless when the plaintiff did not object to a special verdict form which required the jury to decide the case on negligence alone. Given a jury instruction on strict liability in tort, no matter how incomplete, would not have cured counsel’s failure to offer a verdict form which would have allowed a jury to consider strict liability in tort.”
708 P.2d 571, 42 St.Rep. 1666.
In the Kleinsasser case, I voted with the majority to affirm a ver *116 diet in favor of defendant because only the negligence theory was submitted to the jury on a special verdict form. In this case, only constructive fraud and fraud were submitted in the special verdict form and the jury found in favor of the plaintiff on these theories. No mention was made of the implied covenant of good faith and fair dealing and it could not be prejudicial error to have given an incomplete instruction defining a tort which was not submitted to the jury.
The bottom line is that in Kleinsasser, the majority wished to affirm the defense verdict and so properly relied upon the fact that the incomplete instruction was not prejudicial because the verdict form only considered negligence. Since the majority was right in its application of legal principles, I voted with the majority opinion although I personally disagreed with the jury verdict finding in favor of the defendant.
Now we have a case where the jury has found in favor of the plaintiff and the majority wishes to reverse the verdict. The majority reverses on an instruction which the majority erroneously finds to be incomplete. However, assuming arguendo that the instruction is incomplete, well established legal principles, affirmed and applied in Kleinsasser, dictate a finding by this Court that any incompleteness could not have infiltrated a jury verdict based upon constructive fraud or fraud.
This Court continues to apply whatever legal principles are desired to achieve the necessary result. Again, the people of this State and the practicing members of the trial bar are left with a revolving door approach to the resolution of every controversy.