No. 86-46

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

IVAN D. HARDEN and DOUGLAS S.
HARDEN,

        Plaintiffs and Appellants,

    -vs-

JOHN YERGER and PATRICIA YERGER,
husband and wife, and FARMERS UNION
ASSOCIATION, Big Horn County, Montana,
a Montana corporation,

        Defendants and Respondents.

_____

APPEAL FROM:  District Court of the Thirteenth Judicial District,
              In and for the County of Big Horn,
              The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Moses Law Firm; Bruce E. Becker, Billings, Montana

    For Respondent:

        Peterson, Schofield & Leckie; K. D. Peterson,
        Billings, Montana
        Berg, Coil, Stokes & Tollefsen; Gig A. Tollefsen,
        Bozeman, Montana

_____

             Submitted on Briefs: April 30, 1986

                  Decided:  July 8, 1986

Filed:   JUL 8 - 1986

             _Ethel M. Harrison_
                   Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Plaintiffs appeal a jury verdict entered against them in the District Court of the Thirteenth Judicial District, Bighorn County. The jury answered on a special verdict that respondents were not negligent toward appellants.

Appellants state the issue as a matter of law on liability of landowners. However, they do not dispute that the jury was correctly instructed on the applicable law at trial. Likewise, appellants did not move for a directed verdict on the issue of respondents' liability at trial. Therefore, the sole issue is whether the jury's verdict that respondents were not negligent towards appellants is supported by substantial evidence. If the verdict is supported by substantial evidence in the record, we will not reverse it. See Kleinsasser v. Superior Derrick Services, Inc. (Mont. 1985), 708 P.2d 568, 42 St.Rep. 1662.

We affirm.

In mid-April 1983, Walt Watson turned on a water hydrant while watering cattle on the Yerger property. Soon after there was an explosion in the pumphouse. Watson turned off the electricity to the pumphouse, and the fire was extinguished. No one was hurt.

Subsequently, either respondent, John Yerger, or his father, Jake Yerger, had Joe Hanks come out to the property with an explosion meter (a device which measures the concentration of explosive gases). Hanks determined there was an explosive condition in the pumphouse due to the presence of gases. It was not determined, however, whether the gas was natural gas or propane.

The respondents hired a plumber to cap and vent the well to dissipate natural gas out of the pumphouse. At the same time, the plumber repaired the pump. Respondents also had a representative from their propane distributor, Farmer's Union Association, check their propane tank and the propane line to their trailer for leaks. The underground portion of the line was only checked by a visual check for frosting of the ground surface above the line. Such a check would only reveal rapid leaks. The propane distributor could have used more accurate means to check the line but did not. No leaks were found.

The electric line to the pumphouse also feeds the trailer where respondents live. Therefore, respondents were without electricity after the fire. They hired appellant, Ivan Harden, to wire temporary electrical service to their trailer and to repair the damaged wiring in the pumphouse. Ivan Harden went out to respondents' property once to provide temporary electricity to the trailer. After the well was vented, Ivan Harden and his son, Doug, returned to repair the pumphouse wiring. While they were working, and while Doug was in the pumphouse and Ivan was in the doorway, the pump kicked on and there was another explosion. Doug was severely burned, and Ivan was also injured.

Tom Selleck, Fire Marshall for the State of Montana, investigated the second fire. He found that the supply line between the propane tank and the Yerger's trailer had been leaking. Propane, unlike natural gas, is heavier than air. Selleck determined that the leaking propane had flowed through the ground downhill into the pumphouse. As the propane seeped through the ground, the malodorant leached out

so that it was without odor in the pumphouse. When the pump kicked on, electric sparks ignited the propane.

Appellants filed a complaint against the Yergers and Farmers Union Association for negligence. After commencement of the trial, appellants settled with Farmers Union. The case against the Yergers was tried before a jury.

The testimony as to which of the actors were aware of the dangerous condition and who informed whom conflicts. However, the jury can choose to adopt testimony offered by one side to the exclusion of the other. See Tompkins v. Northwestern Union Trust Co. (Mont. 1983), 645 P.2d 402, 408, 39 St.Rep. 845, 853. Moreover, we review the evidence in the light most favorable to the party prevailing at trial. See Gunnels v. Hoyt (Mont. 1981), 633 P.2d 1187, 1191, 38 St.Rep. 1492, 1495.

There was testimony at trial that respondents never communicated to the appellants that working around the pumphouse was safe. There is evidence that appellants were aware of the potentially dangerous condition and did not take reasonable precautions. Finally, there is evidence that respondents took reasonable measures to discover the cause of the dangerous condition and correct it. Therefore, the evidence taken in a light most favorable to respondents indicates that respondents were not negligent towards appellants. That is what the jury found. We hold that there is sufficient evidence in the record to support the jury verdict.

Affirmed.

J. A. Turnage
Chief Justice

4

We concur:

_John Conway Harrison_

_John G. Sheehy_

_L. C. Rutherford_

_William E. Hunt_
Justices

5