FILED

March 3 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0191

DA 14-0191

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 71N

ROBERT DeLACEY and STACEY DeLACEY,

        Plaintiffs and Appellants, and Cross-Appellees,

    v.

COREY CONANT d/b/a CONANT
COOLING AND HEATING,

        Defendant, Appellee and Cross-Appellant.

APPEAL FROM:    District Court of the Ninth Judicial District,
                  In and For the County of Toole, Cause No. DV-12-019
                  Honorable Robert G. Olson, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

                Kirk D. Evenson, C. Nicholas Hash, Marra, Evenson & Bell, P.C.; Great
                Falls, Montana

        For Appellee:

                Mitchell J. Vap, John F. Haffey, Phillips Haffey, PC; Missoula, Montana

                          Submitted on Briefs:  February 11, 2015
                                  Decided:  March 3, 2015

Filed:

                                        _____
                                            Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Robert and Stacey DeLacey appeal from the judgment of the Montana Ninth Judicial District Court, Toole County. We affirm.

¶3 In 2010, the DeLaceys decided to replace their electric furnace and to install a new heating, ventilation, and air conditioning (HVAC) system. They hired Conant to do so. The DeLaceys instructed Conant to install the HVAC system in their "mechanical room." The room was located in a lower level of the DeLaceys' home, and the service line that provided electricity to the house ran through the ceiling above the room.

¶4 Conant began work on the HVAC system around June 15, 2010. On June 24, 2010, Conant was working in a closet upstairs from the mechanical room when he heard popping noises coming from the basement. On investigating, Conant discovered a fire in the mechanical room. Conant called the local fire department and attempted to control the fire, but the fire destroyed the DeLaceys' home.

¶5 The DeLaceys instituted the present suit against Conant on March 9, 2012. They claimed that the fire was due to Conant's negligence, and they asked for compensatory damages. They argued that the fire was caused by the extension cord that Conant used to power the HVAC system. Conant, however, argued that a faulty splice in the service line caused the fire. Each party provided experts that testified in support of each alleged cause.

2

¶6 The case went to trial on December 9, 2013. The DeLaceys submitted a proposed jury instruction regarding *res ipsa loquitur*. After hearing the evidence submitted during trial, the District Court decided not to include this instruction in its instructions to the jury. The jury returned a verdict finding Conant negligent but not the cause of the fire.

¶7 The DeLaceys appeal. They argue that the District Court abused its discretion when it refused to give their proposed *res ipsa loquitur* jury instruction. We disagree.

¶8 The standard of review for a district court's refusal to issue a proposed jury instruction is whether the court abused its discretion. In a review for abuse of discretion, we consider whether the trial court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason. *Howard v. St. James Cmty. Hosp.*, 2006 MT 23, ¶ 16, 331 Mont. 60, 129 P.3d 126.

¶9 We have decided that *res ipsa loquitur* is not appropriate where there are "equally plausible explanations for [an] accident." *Tompkins v. Northwestern Union Trust Co.*, 198 Mont. 170, 181, 645 P.2d 402, 408 (1982). In *Valley Properties Ltd. v. Steadman's Hardware, Inc.*, the parties were divided as to the cause of the fire that destroyed the plaintiff's warehouse. 251 Mont. 242, 248, 824 P.2d 250, 251 (1992). The fire was either caused by an electrical fault in the building or because a lightbulb was left too close to a cardboard box, depending on which party's expert was to be believed. As one cause was chargeable to the defendant, one was not, and each was equally plausible, we decided that *res ipsa loquitur* was not applicable. We stated that the "doctrine of *res ipsa loquitur* is not usually applicable in cases of fires of unknown origin." *Valley Properties Ltd.*, 251 Mont. at 248, 824 P.2d at 251.

¶10    On the other hand, we allowed an instruction of *res ipsa loquitur* to go to the jury despite competing theories of causation in *Tompkins*. That case involved an airplane crash. One party alleged that the crash was caused by mechanical failure, and the other alleged that the pilot was negligent. *Tompkins*, 198 Mont. at 177, 645 P.2d at 406. We decided that the theories of causation were not equally plausible since an airplane crash is not "otherwise unexplainable" in the absence of negligence. *Tompkins*, 198 Mont. at 181, 645 P.2d at 408. We also noted that the two theories were not mutually exclusive. *See Tompkins*, 198 Mont. at 177, 645 P.2d at 406 ("proof of equipment failure [in an airplane crash] does not deny the application of *res ipsa loquitur* for a pilot error may have combined with equipment failure to produce the result").

¶11    Here, the parties presented two theories for the cause of the fire: electrical fault and an overheated extension cord. The former was not chargeable to Conant, while the latter was. As presented, these explanations, like those in *Valley Properties Ltd.*, were equally plausible. Unlike in *Tompkins*, they were mutually exclusive proposed causes of an accident that was not unexplainable in the absence of negligence. For these reasons, it was within the District Court's discretion to refuse the *res ipsa loquitur* jury instruction.

¶12    As we affirm the District Court's judgment on the foregoing issue, we need not reach the issue concerning damages that was raised on cross-appeal.

¶13    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are ones of judicial discretion and there clearly was not an abuse of discretion.

¶14    Affirmed.

4

/S/ MICHAEL E WHEAT

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE